IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Civil Action No. 09–cv–01071–CMA–KMT

WILLIAM ZIMMERLING,

    Plaintiff,

v.

WATERFIELD BANK,

    Defendant.

## ORDER

    This matter is before the court on "Plaintiff's Unopposed Motion to Amend Complaint" (Doc. No. 23, filed October 28, 2009).

    Pursuant to Fed. R. Civ. P 15(a), the court is to freely allow amendment of the pleadings "when justice so requires." The grant or denial of an opportunity to amend is within the discretion of the court, but "outright refusal to grant the leave without any justifying reason appearing for the denial is not an exercise of discretion; it is merely abuse of that discretion and inconsistent with the spirit of the Federal Rules." *Foman v. Davis*, 371 U.S. 178, 182 (1962). "Refusing leave to amend is generally only justified upon a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment." *Frank v. U.S. West, Inc.*, 3 F.3d 1357, 1365 (10th Cir. 1993). The Tenth Circuit has concluded that the timeliness of the

amendment and the prejudice to a defendant are to be the crux of the inquiry. *Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1204 (10th Cir. 2006).

A Scheduling Order was filed in this matter on August 3, 2009, setting the deadline for Joinder of Parties and Amendment of Pleadings at November 15, 2009. (Doc. Nos. 12, 13.) Therefore, the motion and proposed amended complaint were timely filed. Further, the case is in the early stages of litigation.

Prejudice under Rule 15 "means undue difficulty in prosecuting [or defending] a lawsuit as a result of a change of tactics or theories on the part of the other party." *Deakyne v. Commissioners of Lewes*, 416 F.2d 290, 300 (3d Cir. 1969); *see, also, LeaseAmerica Corp. v. Eckel*, 710 F.2d 1470, 1474 (10th Cir. 1983). The party opposing the amendment of the pleadings has the burden of showing prejudice. *Beeck v. Aquaslide 'N' Dive Corp.*, 562 F.2d 537, 540 (8th Cir. 1977). The prejudice with which the Rule is concerned is the prejudice to the party's ability to prosecute or defend. The record provides no basis for a finding of undue prejudice to Defendants by allowing the amendment.

An amendment to a complaint is futile only if the plaintiff can prove no set of facts in support of his amendment that would entitle him to relief. *E.g., Beckett v. United States*, 217 F.R.D. 541, 543 (D. Kan. 2003). A district court is clearly justified in denying a motion to amend as futile only if the proposed amendment cannot withstand a motion to dismiss or otherwise fails to state a claim. *See Ketchum v. Cruz*, 961 F.2d 916, 920 (10th Cir. 1992). "Although Fed. R. Civ. P. 15(a) provides that leave to amend shall be given freely, the district court may deny leave to amend where amendment would be futile. A proposed amendment is

futile if the complaint, as amended, would be subject to dismissal." *Jefferson County Sch. Dist. v. Moody's Investor's Services*, 175 F.3d 848, 859 (10th Cir. 1999).

Plaintiff explains that the amendment is needed to add a defendant that may be Plaintiff's former employer and to include a claim for the value of stock options granted to Plaintiff as part of his employment compensation.  There is no objection of behalf of the defendant.  "We reiterate that the district court should allow a plaintiff an opportunity to cure technical errors or otherwise amend the complaint when doing so would yield a meritorious claim." *Curley v. Perry*, 246 F.3d 1278, 1284 (10th Cir. 2001); *Mackey v. Lyons*, 52 Fed. App'x 468, 472, 2002 WL 31745049, at *4 (10th Cir. 2002).  "The Federal Rules reject the approach that pleading is a game of skill in which one misstep by counsel may be decisive to the outcome and accept the principle that the purpose of pleading is to facilitate a proper decision on the merits." *Conley v. Gibson*, 355 U.S. 41, 48 (1957); *Triplett v. LeFlore County, Okl.*, 712 F.2d 444, 446 (10th Cir. 1983).  The court finds no basis for a finding of bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment.

Therefore, it is ORDERED

"Plaintiff's Unopposed Motion to Amend Complaint" (Doc. No. 23) is GRANTED. The Clerk of Court shall file the Amended Complaint and Jury Demand (Doc. No. 23-3).

Dated this 3rd day of November, 2009.

**BY THE COURT:**

Kathleen M. Tafoya
United States Magistrate Judge