**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello**

Civil Action No. 09-cv-01071-CMA-KMT

WILLIAM ZIMMERLING,

    Plaintiff,

v.

WATERFIELD BANK AND AFFINITY FINANCIAL CORPORATION,

    Defendants.

---

**ORDER**

---

This is a breach of contract action, and the matter before the Court is on Plaintiff's Motions for Partial Summary Judgment (Doc. ## 8 and 41) and Plaintiff's Motion for Joinder (Doc. # 37).  Jurisdiction is proper pursuant to 28 U.S.C. § 1332 (diversity).  For the reasons stated below, the Court DENIES Plaintiff's Motions for Partial Summary Judgment, and DENIES AS MOOT Plaintiff's Motion for Joinder.

### I.  STANDARD OF REVIEW

Summary judgment is appropriate if the moving party demonstrates that there is "no genuine issue as to any material fact" and that he is "entitled to a judgment as a matter of law."  Fed. R. Civ. P. 56(c).  In applying this standard, the Court views the evidence and all reasonable inferences therefrom in the light most favorable to the nonmoving party.  *Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 670 (10th Cir. 1998) (citing *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986)).  A fact is "material" if, under the applicable substantive law, it is "essential to the proper

disposition of the claim." *Id.* (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). An issue of fact is "genuine" if "there is sufficient evidence on each side so that a rational trier of fact could resolve the issue either way." *Id.* (citing *Anderson*, 477 U.S. at 248).

The moving party bears the initial burden of demonstrating an absence of a genuine issue of material fact and entitlement to judgment as a matter of law. *Id.* at 670-71. Once the movant has met this initial burden, the burden shifts to the nonmoving party to "set forth specific facts showing that there is a genuine issue for trial." *Anderson*, 477 U.S. at 256, 106 S.Ct. 2505; *see Adler*, 144 F.3d at 671 n.1 (concerning shifting burdens on summary judgment). The nonmoving party may not simply rest upon its pleadings to satisfy its burden. *Anderson*, 477 U.S. at 256. Rather, the nonmoving party must "set forth specific facts that would be admissible in evidence in the event of trial from which a rational trier of fact could find for the nonmovant." *Adler*, 144 F.3d at 671. "To accomplish this, the facts must be identified by reference to affidavits, deposition transcripts, or specific exhibits incorporated therein." *Id.*

## II.  BACKGROUND AND ANALYSIS

Plaintiff William Zimmerling is a former employee of one or both Defendants Affinity Financial Corporation ("Affinity") and Waterfield Bank ("Waterfield").[1] Plaintiff was employed by Affinity and/or Waterfield pursuant to a written agreement dated

---

[1] In February, 2007, Affinity entered into an agreement to acquire Federal City Bancorp and its subsidiary, American Partners Bank. The purchase was completed in January 2008, and the bank was renamed Waterfield Bank. Plaintiff was hired prior to the establishment of Waterfield Bank. Defendants therefore contend that because Waterfield did not exist at the time Plaintiff was hired, he was not employed by Waterfield Bank but by Affinity. (Doc. # 18 at 2.)

November 15, 2006 ("The Agreement").  (Doc. # 1-2.)  Plaintiff's employment was terminated on January 4, 2009, effective January 19, 2009.  (Doc. # 23-3 and 48.)

Plaintiff asserts in his Motions for Partial Summary Judgment (Doc. ## 8 and 41) that he is entitled to recover a severance payment of $150,000 pursuant to the Agreement.  (Doc. # 1-2.)  The severance provision contained in the Agreement, however, provides for severance only if Plaintiff is terminated "without Cause."  (Doc. # 1-2, ¶ 10.)  Plaintiff asserts that, according to the email sent to him by Richard R. Waterfield terminating his employment, he was terminated due to Defendants poor financial situation, which would not constitute "Cause."  (Doc. # 8-2.) According to Defendant, however, as set forth in the Declaration of Richard R. Waterfield, Plaintiff's employment was terminated with "Cause" because Plaintiff failed to perform his duties as expected.  (Doc. # 18-2.)

As stated above, summary judgment is appropriate only if the moving party [Plaintiff] demonstrates that there is "no genuine issue as to any material fact" and that he is "entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c).  In the instant case, there is a genuine issue of material fact as to whether Plaintiff was terminated with or without "Cause."  Thus, Plaintiff's Motions for Partial Summary Judgment must fail.

On November 3, 2009, the Magistrate Judge issued an Order granting Plaintiff's Unopposed Motion to Amend Complaint which, among other things, added Affinity as a party.  (Doc. # 28.)  On December 4, 2009, Plaintiff filed a Motion for Joinder to join Defendant Affinity as a party to Plaintiff's July 6, 2009 Motion for Partial Summary Judgment.  (Doc. # 37.)  Defendants did not respond to this Motion.  On January 15,

2010, Plaintiff filed an independent Motion for Partial Summary Judgment against Affinity thus mooting Plaintiff's Motion for Joinder.  (Doc. # 41.)

### IV.  CONCLUSION

Accordingly, the Court ORDERS that Plaintiff's Motions for Partial Summary Judgment (Doc. ## 8 and 41) are DENIED.  Plaintiff's Motion for Joinder (Doc. # 37) is DENIED AS MOOT.

DATED:  February   24  , 2010

BY THE COURT:

_____
CHRISTINE M. ARGUELLO
United States District Judge